### EDWARD HICKEY V. DWELLING HOUSE INSURANCE CO.

INCUMBRANCE WITHOUT NOTICE AVOIDS POLICY.

Where an insurance policy contained the provision that it should be void if the subject should be real property and *be* or *become* encumbered by mortgage, trust deed, judgment or otherwise, unless such incumbrance should be placed on the property by the written consent of the company, and the property is encumbered by mortgage at the time of the issue and acceptance of the policy, which was unknown to the company, the insured cannot recover for a loss even though he made no representations to the company as to incumbrances.

HEARD ON ERROR.

ADAMS J.

This case is in this court on error. Hickey was the plaintiff below, and his action in the court below was upon an insurance policy to recover four hundred dollars for the loss of a dwelling-house, destroyed by fire on July 19, 1894.

The petition is in the usual form. The insurance company, for its answer, first denied all the allegations of the petition, except certain matters that were afterwards admitted in the answer. For a second defense, it admitted the issuing of the policy, and alleged that the policy contained the provision that "said entire policy should be void if the subject of the insurance should be real property and be or become encumbered by mortgage, trust deed, judgment, or otherwise" unless such incumbrance should be placed on the property by the written consent of the company, etc. That there was no modification of this provision in the policy, with the knowledge or consent of the company, and there was a mortgage for sixteen hundred dollars on the property at the time of the insurance.

For a third defense, the company set up the fact that there were no proofs of loss furnished to the company, within the provisions of the policy.

The reply denies that the policy contained the provision set out in the second defense, and says that Hickey had no knowledge of what the policy contained until it had been delivered to him by the defendant, through the United States mail. The reply sets out at length that he made no application for the insurance, either in writing or otherwise, and made no representations as to encumbrances to obtain the policy, and that he was not asked any questions by the company, or any one acting for it, either before or after the delivery of the policy, whether there was any encumbrance on the title of the real estate. He says that this policy was sent to him by mail, and an itemized bill of its cost; that they demanded of Hickey immediate payment; that he at once sent his check by mail to the defendant in payment for the premium of insurance, and that the same was then paid.

He says that, if there was any lien on the land on which the dwelling-house stood at the date of the insurance policy, it was very small; that the tract of land was large and valuable; that the defendant well knew of the existence of such lien, and if it had not such knowledge,

it had the means of obtaining such knowledge, and defendant waived its right to assert the existence of such lien by neglecting to ask plaintiff whether there was such lien, and neglecting to examine the mortgage records of this county, for the purpose of finding out whether there was such lien. That the company intended, when it delivered the policy to the plaintiff, that it should take effect; that it did take effect, and was not void, and did not become void thereafter.

For reply to the third defense, in substance, he says, that the agents of the defendant company were notified of the loss; that the company sent an adjuster there, who examined the ruins, or the place where the dwelling had stood, and made inquiries of witnesses as to the fire, and the extent of the loss, and waived the proofs of loss.

The case was tried to a jury in a court of common pleas, and, after the evidence had all been offered, and argument of counsel, the court directed a verdict for the defendant. A motion for a new trial was overruled, and a bill of exceptions taken; and the action of the court, in directing a verdict, is the ground of error here, on which Hickey asks to have the judgment of the court below reversed.

Although there are many pages of this evidence, there is no substantial controversy as to the facts in the case. This insurance policy was sent to Hickey through the mails; he received it; he sent his check in payment for the premium; there was an encumbrance of from nine hundred to thirteen hundred dollars; the exact amount of the encumbrance on the property is not stated, but there was a mortgage on it for from nine to thirteen hundred dollars at the time the policy was delivered to Hickey, and at the time he paid the premium, of which the company had no knowledge. There is no controversy about those facts. After the loss occurred, this proof, as it seems to us, establishes the fact that Hickey did notify the local agent of the company here in Newark, and the company sent a man by the name of Parsons, an adjustor, who went down to the place where this house had been and made an examination there; had certain conversations with Hickey, and then went away; and there was evidence from which a jury might well have found that the proofs of loss were waived.

If the sole question in the case had been whether or not the company had waived the proof of loss, under the evidence it would have been error for the court to have directed a verdict. We are supported in that view by a decision of the Supreme Court in Ohio Farmers' Ins. Co. v. Danison, 38 W. L. B., 163, a case that went up from Perry county, where the evidence as to the waiver of proofs of loss was not nearly as strong as it is in this case, and in which the judgment against the insurance company in the court of common pleas, affirmed by the circuit court, was affirmed by the Supreme Court. But the evidence of the encumbrance is doubtless the evidence on which the court below acted, and that appears from what was said by the trial judge in directing a verdict.

Counsel for plaintiff in error, contends to some extent, that this case comes under the provisions of sec. 3643, Rev. Stat.; that the company, before it issued the insurance policy, was in some way bound to make an examination, not only of the physical condition of the property, but some examination as to the title; and, having neglected to make any examination as to the title, and having neglected to ask Hickey whether or not there were encumbrances on the property, that they thereby waived that provision in their policy.

Hickey v. Insurance Co.

Counsel cite us to Dooly v. Fire Insurance Co., 58 Am. St., 26, by the Supreme Court of Washington: " Though a policy contains a condition declaring it to be void if the interest of the insured be other than unconditional or sole ownership, it cannot be avoided on the ground that the insured did not own the legal title, he having purchased the property and paid therefor without having received a conveyance, if no written application was made by him for the policy, and no questions were asked of him concerning his title.

" If the language of questions contained in an application for insurance calls for answers which may be, to some extent, a matter of opinion, the insured, if answering in good faith, will be excused, though he does not give the desired answer"

" If an insured is not questioned respecting encumbrances on his property or other facts material to the insurance, and does not intentionally conceal them, their existence does not invalidate the policy."

On page 29 the Washington court cites a case from 52 Mich., 131, where it was held that: " Where insurance is applied for orally, and the applicant is unaware of any provision in the policy regarding encumbrances, and is not guilty of any misleading conduct, his bare silence cannot be deemed a misrepresentation; and if the agent in such a case did not read the policy to the applicant, or call his attention to the clause relating to encumbrances, the existence of a mortgage would be no impediment to a recovery from the insurance company."

They also cite 49 U. S., (8 How.) 235, substantially to the same effect.

In 53 Am. St., 846: " If an insurer issues a policy without an application or any representation in regard to the title to the property upon which the insurance is effected, he cannot complain, after a loss, that the interest of the assured was not correctly stated or that an existing encumbrance was not disclosed."

On page 848, the court say: " Applicants for insurance are not generally aware of the necessity of disclosures which long experience in the business of insurance has shown to underwriters to be necessary, or what disclosures it is important to make; while insurance companies cannot only protect themselves by making inquiries in regard to such things as they may regard to be material, but, as is well known, are in the habit of doing so. And such was the custom of this company. It was admitted on the trial, by its general agent, that the company had blank forms of application for insurance, which contained this question concerning the property to be insured: ' If encumbered, to what amount:' but that such application was not sent in this instance to the insured, or to the broker through whom the insurance was effected, to obtain an answer to the foregoing or any other question."

In the note to that decision, on page 852, it is said:

" Where an insurance policy is issued without any application or written request describing the interest of the insured in the property, and it does not appear that any actual representation of any kind was made by the assured, it will be presumed that the policy was written upon the knowledge of the insurer and was intended to cover in good faith the interest of the assured in the property: Western, etc. Pipe Lines v. Insurance Co., 145 Pa. St., 346; 27 Am. St. Rep, 703, and note."

These cases support the claim of counsel for plaintiff in error; but a majority of the court are of the opinion that this case is controlled by Webster v. Insurance Co., 53 Ohio St., 558, where the Supreme Court decide: " The examination required to be made by the agent of an insurance company by sec. 3643, Rev. Stat., relates to the physical condition of the property such as an inspection would disclose and does not relate to the matter of incumbrances. The ' change ' mentioned in the statute refers to some physical change in the insured property, its use, or ist surroundings, and does not relate to a change respecting incumbrances.

" Where a policy of insurance stipulates that if any part of the property shall be encumbered by mortgage without the consent of the company, the policy shall be void, such stipulation is not within the provisions of sec. 3643. And if, after the issuing of the policy and before the loss such incumbrance is created by the insured, without the consent of the company, the policy is thereby invalidated."

Applying that decision of the Supreme Court to the case at bar, if there had been no mortgage upon the property at the time of the issuing of the policy, the other circumstances of the case remaining the same, if Hickey thereafter had mortgaged the property, without the consent of the company, he would have brought himself within the exact terms of Webster v. Insurance Co., *supra*. He would have brought himself within the second clause of this paragraph against incumbrances.

The paragraph says: " If the property be encumbered, or if it become encumbered." Now, the Supreme Court has said that, if it become encumbered, it shall avoid the policy. A majority of the court can see no distinction in principle between those two clauses of that statement in the policy. We are unable to see the distinction,—the reason why, if it become encumbered, the policy should be void, and if it be encumbered that another and a different rule should apply.

It is well said in this case that Hickey practiced no fraud upon this insurance company; he made no misrepresentations to the insurance company. It can be said, with equal force, that the insurance company practiced no fraud upon Hickey. They sent to him, through the United States mail, an insurance policy, which he could accept or reject, as he saw fit. He says here, in his reply, that he had no knowledge of the contents of this insurance policy until he received it through the United States mail. The inference from that would be that, after he received it through the United States mail, he did have knowledge of its contents. If he did not have knowledge of its contents, he had the means of knowing before him; and this was not a case, as this proof shows, of an insurance company dealing with a man wholly ignorant of the subject of insurance. Hickey's own testimony shows that he was a man of considerable affairs, and he had more than the ordinary experience in dealing with the subject of insurance. So that we have here a policy issued to a man, received by him through the mails; and, after he has received it and had an opportunity to examine its terms, he pays the premium on the policy, and he afterwards attempts to assert rights that he claims under that policy.

He is bound by the terms of that policy. If he recovers at all, he must recover on that written contract of insurance; and, by the very

terms of that contract of insurance, it is void, because the property was encumbered at the time the policy was issued.

The Supreme Court has decided that that is a provision that an insurance company has a right to put in its policies.

The majority of the court are of the opinion, and so hold that the court of common pleas did not err in directing a verdict for the defendant, and the judgment of the court below is affirmed.

*J. B. Jones*, for plaintiff in error.

*Judge S. M. Hunter*, for defendant in error.